# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ORSURE W. STOKES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:21-CV-1252 RLW |
| COMPLETE MOBILE DENTISTRY, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff Orsure Stokes's Motion to Reinstate Claims Against Defendant Christine Wormuth. (ECF No. 42). The Court will grant the motion for the reasons below.

## BACKGROUND

The Chief Judge transferred this case to the undersigned on December 15, 2022 following the retirement of the Honorable Judge Jean C. Hamilton. (ECF No. 35). A review of the docket at that time revealed that Plaintiff had not properly served Defendant Wormuth in accordance with Rule 4 of the Federal Rules of Civil Procedure. Consequently, the Court ordered Plaintiff to serve Defendant Wormuth and file proof of service no later than January 18, 2023. (ECF No. 36). The Order stated that "[f]ailure to comply . . . will result in the dismissal without prejudice of the claims against Defendant Wormuth." *Id.* Plaintiff failed to comply with the Court's Order and the Court dismissed all claims against Defendant Wormuth on January 20, 2023. (ECF No. 41).

## DISCUSSION

Defendant Wormuth is the United States Secretary of the Army. (ECF No. 22 at ¶ 7). Plaintiff does not indicate in his Complaint whether he sues Defendant Wormuth in her individual

or official capacity. Where a complaint is silent on the issue of capacity, the Court will interpret the complaint to include only official-capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (citation omitted).

When a federal officer is sued in her official capacity, the plaintiff must: (1) serve the United States according to Rule 4(i)(1), and (2) send a copy of the summons and complaint by registered or certified mail to the officer. *See* Fed. R. Civ. P. 4(i). To serve the United States, the plaintiff must serve both the Attorney General of the United States and the appropriate United States Attorney. *Id*.

Plaintiff filed proof of service on the U.S. Attorney's Office on January 6, 2023. (ECF No. 38). But Plaintiff failed to prove service on the Attorney General before the Court's January 18, 2023 deadline. Thus, having no reason to believe that Plaintiff had served the Attorney General, the Court dismissed Plaintiff's claims against Defendant Wormuth on January 20, 2023. (ECF No. 41).

Plaintiff now asks this Court to reinstate the claims against Defendant Wormuth. (ECF No. 42). Plaintiff asserts that he sent copies of the summons and complaint to the Attorney General on or about December 19, 2022. *Id.* To support his contention, Plaintiff has provided a tracking report from the United States Postal Service showing that the Attorney General received copies of the summons and complaint on December 28, 2022. (ECF Nos. 42 and 42-1). In light of this development, and absent any opposition from the defendants in this case, the Court finds that Plaintiff has served Defendant Wormuth in accordance with Rule 4(i)(2).

## CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion to Reinstate Claims Against Defendant Christine Wormuth. (ECF No. 42).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reinstate Claims Against Defendant Christine Wormuth is **GRANTED**. (ECF No. 42).

**IT IS FURTHER ORDERED** that the Court's Order dated January 20, 2023 (ECF No. 41) is **VACATED**.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of February, 2023.