UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ORSURE W. STOKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-1252 RLW |
| ) | |
| COMPLETE MOBILE DENTISTRY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Complete Mobile Dentistry's Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 24). Plaintiff opposes the motion and it is ready for disposition. (ECF Nos. 27, 29). For the reasons below, the Court will grant the motion in part.

**Background**

Plaintiff is a 67-year-old Black man with tinnitus. (ECF No. 22 at ¶¶ 24, 40). He brings this employment discrimination action against Defendants Complete Mobile Dentistry ("CMD") and Christine Wormuth, the United States Secretary of the Army.[1] (ECF No. 22). Sometime in 2017 or 2018, Plaintiff entered into a Dental Contractor Agreement with CMD whereby Plaintiff agreed to perform dental services as an independent contractor. (ECF No. 22 at ¶ 2; ECF No. 25-2 at 3).[2] CMD placed Plaintiff at the United States Army Dental Command ("DENTAC") in Fort Leonard Wood, Missouri. (ECF No. 22 at ¶ 12). Plaintiff alleges that on January 10, 2021,

---

[1] Defendant Wormuth filed her own motion to dismiss on February 14, 2023. (ECF No. 44). That motion is still pending before this Court.
[2] The Court may consider the Dental Contractor Agreement because it is "necessarily embraced by the pleadings." *See Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008).

"Defendant marginalized [him] by improperly terminating him and terminating his independent contracting agreement." *Id.* at ¶ 15. Plaintiff does not specify which defendant allegedly marginalized him. According to Plaintiff, a CMD employee emailed him the same day and stated that DENTAC no longer required an endodontist at Fort Leonard Wood. *Id.* at 16. Plaintiff asserts that CMD's explanation was pretextual because CMD had advertised an endodontist vacancy in Fort Leonard Wood shortly before Plaintiff's termination. (ECF No 22 at ¶¶ 17, 30; ECF No. 22-1). Plaintiff contends that "Defendant summarily fired" Plaintiff because he had "complained of discrimination." (ECF No. 22 at ¶ 21). Plaintiff does not specify which defendant "summarily fired" him.

**Legal Standard**

The Court must dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level[.]" *Id.* at 555. Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff).

"Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

2

550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id.*

"An employment discrimination complaint does not need to contain specific facts establishing a prima facie case to survive a motion to dismiss for failure to state a claim." *See Swierkiewicz v. Sorema*, 534 U.S. 506, 510-12 (2002). The elements of a prima facie case are nevertheless relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."). The Eighth Circuit has stated that to survive a motion to dismiss, "a civil rights complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Gregory v. Dillards, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (quotation marks and citation omitted).

## Discussion

Plaintiff's First Amended Complaint contains four counts: (1) race discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17; (2) unlawful retaliation in violation of Title VII; (3) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; and (4) disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-

3

12213. (ECF No. 22). CMD asserts that Plaintiff's status as an independent contractor presents an insuperable bar to relief under these statutory schemes. (ECF No. 22 at 6-8). CMD also asserts that Plaintiff has failed to state a claim that is plausible on its face. *Id.* at 9-12.

### I. Plaintiff's Working Relationship with Defendants

It is well established that Title VII protects employees, not independent contractors. *Hunt v. State of Missouri, Dep't of Corr.*, 297 F.3d 735, 741 (8th Cir. 2002). The same is true of the ADEA and the ADA. *Alexander v. Avera St. Luke's Hosp.*, 768 F.3d 756, 761 (8th Cir. 2014). The Eighth Circuit has observed that Title VII's "nominal definition of an 'employee' as 'an individual employed by an employer is completely circular and explains nothing." *Id.* (cleaned up). Determining whether a party is an employee or an independent contractor requires a fact-intensive inspection of all aspects of the working relationship between the parties. *Id.* The mere fact that a contract refers to a party as an "independent contractor" is non-determinative. *Id.* (citation omitted).

Viewing the facts in the light most favorable to Plaintiff, the Court cannot definitively conclude at this early stage that Plaintiff was only an independent contractor. Plaintiff explicitly alleges that he was an employee. (ECF No. 22 at ¶ 9). It is plausible that Plaintiff could prove his "employee" status with the benefit of discovery. Thus, the Court will deny CMD's Motion to Dismiss in this regard.

### II. Count I

Count I of the First Amended Complaint is entitled: "Race, Color, Age, and Disability Discrimination in Violation of Title VII of the Civil Rights Act." (ECF No. 22 at 5). Despite Plaintiff's wording, claims for age and disability discrimination are unavailable under Title VII. *See Clark v. City of Dublin, Ohio*, 178 F. App'x 522, 524 (6th Cir. 2006) ("The language of [Title

4

VII] does not include age or disability claims."). Thus, the Court is left to assume that Plaintiff's Count I is based on race.

In the employment discrimination context, a plaintiff is not required to establish a prima facie case to survive a motion to dismiss. *See Swierkiewicz*, 534 U.S. 510-12. The elements of the prima facie case are nevertheless relevant to the plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d at 54. The complaint must "contain facts which state a claim as a matter of law and must not be conclusory." *Gregory*, 565 F.3d at 473 (8th Cir. 2009) (quotations and citation omitted).

To establish a prima facie case of race discrimination under Title VII, a plaintiff must show: (1) he was a member of a protected group; (2) he met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012).

Plaintiff states in Count I that he "is an African American, who is Black, at age 67, has tinnitus, and [was] qualified for his position when Defendant fired him." (ECF No. 22 at ¶ 24). He then asserts that he suffered damages "as a result of Defendant's unlawful discriminatory actions[.]" *Id.* at ¶ 25. But at no point in Count I does Plaintiff allege that a specific defendant undertook specific discriminatory conduct. The fact that Plaintiff "repeats and realleges paragraphs 1 through 19" does not save him. (ECF No. 22 at ¶ 23). Paragraphs 1 through 19 are similarly devoid of any factual allegations that permit an initial inference of racial discrimination. Plaintiff's assertion that he suffered damages "as a result of Defendant's unlawful discriminatory actions" is conclusory. Without more, Plaintiff's factual allegations are merely speculative. Unsupported conclusory statements are not entitled to an assumption of truth. *Ashcroft*, 556 U.S. at 679. At bottom, Plaintiff offers nothing more than unadorned "defendant-unlawfully-harmed-me"

5

accusations. That is not enough to withstand a motion brought under Rule 12(b)(6). *See id*. at 678. The Court will grant CMD's Motion to Dismiss as to Count I.

### III. Count II

In Count II, Plaintiff asserts a claim of unlawful retaliation under Title VII. (ECF No. 22 at 5). To establish a prima facie case of retaliation, a plaintiff must show: (1) he engaged in a protected activity; (2) he suffered a materially adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *Wright v. St. Vincent Health Sys.*, 730 F.3d 732, 737 (8th Cir. 2013) (citation omitted).

Plaintiff states that he was fired because he complained to the "Equal Employment Office" about Defendant's discriminatory conduct. (ECF No. 22 at ¶¶ 28, 30). He further claims that the basis for his termination—that DENTAC no longer required an endodontist at Fort Leonard Wood—was pretextual. *Id*. at ¶ 30. To support this latter allegation, Plaintiff has filed a copy of a job listing that shows CMD was soliciting applications for an endodontist position in Fort Leonard Wood shortly before Plaintiff's termination. (ECF No. 22-1).

Unlike Count I, Count II contains sufficient factual allegations that raise a right to relief above a speculative level. *See Twombly*, 550 U.S. at 555. Plaintiff explicitly states he engaged in a protected activity and that he was fired as a result. (ECF No. 22 at ¶¶ 28, 30). He identifies a specific protected activity (complaining to the "Equal Employment Office"), a specific adverse employment action (termination), and a potential causal connection (he was fired shortly after complaining even though it appears DENTAC still required the services of an endodontist). These allegations, accepted as true, establish a plausible claim of unlawful retaliation under Title VII. The Court will deny Defendant CMD's Motion to Dismiss as to Count II.

## IV. Count III

In Count III, Plaintiff purports to bring a claim of age discrimination under the ADEA. (ECF No. 22 at 6). Unfortunately for Plaintiff, Count III suffers the same deficiencies as Count I.

To establish a prima facie case of age discrimination under the ADEA, a plaintiff must show that he: (1) was at least 40 years old; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) was rejected for someone sufficiently younger to permit the inference of age discrimination. *Aulick v. Skybridge Americas, Inc.*, 860 F.3d 613, 621 (8th Cir. 2017). While Plaintiff need not establish a prima facie case of age discrimination at this stage, he must still offer enough factual allegations to raise a right to relief above a speculative level. *See Twombly*, 550 U.S. at 555.

Here, Plaintiff merely states that he is 67 years old and "termination was done willfully and maliciously with an intent to injure." (ECF No. 22 at ¶¶ 34, 36). Plaintiff offers nothing to tie his termination to his age. In fact, he never actually states that he was fired because of his age. Ultimately, there is nothing in Count III that allows the Court to infer that either Defendant fired Plaintiff because of his age. Plaintiff's speculation is not enough to survive a Rule 12(b)(6) motion. *See Twombly*, 550 U.S. at 555. The Court will grant CMD's Motion to Dismiss as to Count III.

## V. Count IV

Finally, in Count IV, Plaintiff attempts to bring a claim under the ADA for disability discrimination. (ECF No. 22 at 7). Here again, Plaintiff fails to state a plausible claim to relief.

To establish a prima facie case of discrimination under the ADA, a plaintiff must show: (1) he is disabled within the meaning of the ADA; (2) he is qualified to perform the essential functions of his job, with or without accommodation; and (3) he suffered an adverse employment action under circumstances from which an inference of unlawful discrimination arises. *Young v. Warner-*

7

*Jenkinson Co.*, 152 F.3d 1018, 1022 (8th Cir. 1998) (citation omitted). The ADA defines the term "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]" 42 U.S.C. § 12102(1).

Plaintiff asserts only that he "is diagnosed with the disability of tinnitus" and that "the fact that [he] is a qualified person with a disability was a motivating factor in the Defendants' decision to terminate him." Setting aside this conclusory allegation—which is not entitled to an assumption of truth (*see Ashcroft*, 556 U.S. at 679)—there is no basis for the Court to infer that either defendant terminated Plaintiff because of his tinnitus. Plaintiff also does not allege that he was substantially limited in a major life activity because of his tinnitus, that there was a record of his tinnitus, or that either defendant regarded him as having tinnitus. *See Nickless v. Saint Gobain Containers*, No. 4:11-CV-1514 CAS, 2012 WL 1414849, at *5 (E.D. Mo. Apr. 24, 2012) (finding that the plaintiff's failure to address these factors was fatal to his ADA claim). As with Counts I and III, Plaintiff's threadbare allegations in Count IV are not enough to survive a motion to dismiss under Rule 12(b)(6). Thus, Defendant CMD's Motion to Dismiss is granted as to Count IV.

## Conclusion

Plaintiff has failed to plead sufficient facts to establish plausible claims to relief in Counts I, III, and IV. *See Twombly*, 550 U.S. at 570.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Complete Mobile Dentistry's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. (ECF No. 24). The Motion is **GRANTED** as to Counts I, III, and IV of Plaintiff's First Amended Complaint and **DENIED** as to Count II of Plaintiff's First Amended Complaint.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of March, 2023.