UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ORSURE W. STOKES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-1252 RLW |
| ) | |
| COMPLETE MOBILE DENTISTRY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Christine Wormuth's Motion to Dismiss or, in the Alternative, Motion to Transfer. (ECF No. 44). Defendant Wormuth contends that the case must be dismissed because Plaintiff has not satisfied the services requirements of Rule 4 of the Federal Rules of Civil Procedure. *Id.* In the alternative, Defendant Wormuth argues that the case should be transferred to the Western District of Missouri. *Id.* Plaintiff opposes the motion and it is ready for disposition. The Court will grant Defendant's motion in part.

**Background**

Plaintiff brings this employment discrimination case against Defendants Complete Mobile Dentistry ("CMD") and Christine Wormuth, the United States Secretary of the Army. (ECF No. 22). Plaintiff asserts that Defendants unlawfully terminated his employment in violation of Title VII of the Civil Rights Act after Plaintiff complained of race, color, age, and disability discrimination. *Id.* at ¶¶ 27-32.

The Chief Judge transferred this case to the undersigned on December 15, 2022, following the retirement of the Honorable Judge Jean C. Hamilton. (ECF No. 35). A review of the docket at that time revealed that Plaintiff had not properly served Defendant Wormuth in accordance with

Rule 4 of the Federal Rules of Civil Procedure. Consequently, the Court ordered Plaintiff to serve Defendant Wormuth and file proof of service no later than January 18, 2023. (ECF No. 36).

Plaintiff filed proof of service on the United States Attorney's Office on January 6, 2023. (ECF No. 38). Plaintiff did not, however, file proof of service on the Attorney General before the Court's January 18, 2023, deadline. Having no reason to believe that Plaintiff had served the Attorney General, the Court dismissed Plaintiff's claims against Defendant Wormuth on January 20, 2023. (ECF No. 41).

Plaintiff filed a motion for reconsideration on the same day. (ECF No. 42). In his motion, Plaintiff asserted that he sent copies of the summons and complaint to the Attorney General on or about December 19, 2022. *Id*. Plaintiff attached to his motion a tracking report from the United States Postal Service showing that the Attorney General received copies of the summons and complaint on December 28, 2022. (ECF Nos. 42 and 42-1). The Court granted Plaintiff's motion on February 9, 2023, and vacated its previous order dismissing Defendant Wormuth. (ECF No. 43). Five days later, Defendant Wormuth filed the instant motion. (ECF No. 44).

## Discussion

**I. Service**

Defendant Wormuth argues that Plaintiff has not served the U.S. Attorney or the Attorney General as required by Rule 4(i) and that the time to do so has passed. (ECF No. 44 at 2). Defendant states that Plaintiff was required to request a summons for both the U.S. Attorney and the Attorney General. *Id.* at 1. The Court disagrees.

If a complaint is silent on the issue of capacity, the Court will interpret the complaint to include only official-capacity claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (citation omitted). When a federal officer is sued in her official capacity, the plaintiff must:

(1) serve the United States according to Rule 4(i)(1), and (2) send a copy of the summons and complaint by registered or certified mail to the officer. *See* Fed. R. Civ. P. 4(i).

To serve the United States in accordance with Rule 4(i)(1), the plaintiff must serve process on both the Attorney General of the United States and the United States Attorney for the district where the action is brought. Fed. R. Civ. P. 4(i)(1). The plaintiff may do so by sending each a copy of the summons and complaint by registered or certified mail. Fed. R. Civ. P. 4(i)(1)(A). If the plaintiff elects to serve the U.S. Attorney by mail, he must direct the mailing to the civil-process clerk. *Id*; *see also* 1 James Wm. Moore et al., Moore's Federal Practice, § 4.55[2] (3d ed. 2023).

Plaintiff served Defendant Wormuth with a copy of the alias summons and complaint on September 20, 2022. (ECF No. 34). On January 6, 2023, Plaintiff filed a domestic return receipt from the United States Postal Service ("USPS") showing that Plaintiff served the U.S. Attorney via certified mail on December 21, 2022. (ECF No. 38). The receipt reflects that Plaintiff directed service to the "U.S. District Attny Attn: Civil Process Clerk." *Id.* Fourteen days later, Plaintiff filed a USPS tracking report showing that Plaintiff served the Attorney General via certified mail on December 28, 2022. (ECF No. 42-1). The report reflects that Eddie L. Anderson signed for the delivery on behalf of "Justice 20530." *Id.*

Nothing on the face of Rule 4(i) requires Plaintiff to request a separate summons for the U.S. Attorney or the Attorney General. Defendant Wormuth offers no authority to the contrary. Even if there was such a requirement, the Rule 4 Advisory Committee Notes to the 1993 amendment state that subdivision (i) should be read to preclude the loss of substantive rights against the United States resulting from a plaintiff's failure to correctly identify and serve all the persons who should be named or served. Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment; *see also* 1 James Wm. Moore et al., Moore's Federal Practice, § 4.03[1] (3d ed. 2023)

("[W]hen there has been a good faith attempt at service and a defendant has actual notice, there is authority for the proposition that the court may interpret the technical requirements of Rule 4 liberally so as to uphold the court's exercise of jurisdiction over the defendant with actual knowledge."). Accordingly, the Court finds that Plaintiff has complied with Rule 4 and will deny Defendant Wormuth's motion to dismiss.[1]

## II. Venue

Defendant Wormuth next argues that the case should be transferred to the Western District of Missouri because Plaintiff resides in that district and all acts complained of took place in that district. (ECF No. 48 at 3). The Court agrees.

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 18 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation and internal quotation marks omitted).

When deciding a motion to transfer under section 1404(a), the Court considers three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). The Eighth Circuit has declined to offer an exhaustive list of specific factors to consider but has instructed district courts to weigh any "case-specific factors" relating to convenience and fairness to

---

[1] As to Defendant Wormuth's timeliness argument, Defendant is correct that Plaintiff did not effectuate service within 90 days of filing the complaint. But Rule 4(m) does not require the Court to dismiss an action for that reason. Rule 4(m) states that the Court "must dismiss the action without prejudice against that defendant *or* order that service be made within a specified time." Fed. R. Civ. P. Rule 4(m) (emphasis added). The Court opted for the second option. (ECF No. 36).

4

determine whether transfer is warranted. *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (cleaned up). The moving party has the burden of showing that the balance of these factors favors transfer. *Penrose v. Buffalo Trace Distillery, Inc.*, No. 4:17CV294 HEA, 2017 WL 2334983, at *1 (E.D. Mo. May 30, 2017) (citations omitted). "In general, federal courts give considerable deference to a plaintiff's choice of forum[.]" *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997).

In his Amended Complaint, Plaintiff states that he is a resident of Waynesville, Missouri. (ECF No. 22 at ¶ 8). Plaintiff also states that he worked in Fort Leonard Wood, Missouri during all times relevant to this action. *Id.* at ¶ 12. Plaintiff asserts that Defendants retaliated against him after he filed a complaint with the Fort Leonard Wood Equal Employment Office. *Id.* at ¶ 18. Despite these facts, Plaintiff filed this action in the Eastern District of Missouri because "the unlawful employment practice was committed in Missouri." *Id.* at ¶ 4.

Waynesville and Fort Leonard Wood are located in Pulaski County, Missouri. *Pulaski County, Missouri*, http://www.pulaskicountymo.org/home.html (last visited Sept. 13, 2023). Pulaski County is in the Western District of Missouri. *Locate Your Judicial District*, U.S. Department of Justice, https://www.justice.gov/ust/locate-your-judicial-district (last visited Sept. 13, 2023). Thus, the allegedly unlawful conduct at issue in this case occurred in the Western District of Missouri and any witnesses thereto likely reside in the Western District of Missouri.[2] There is nothing in the Amended Complaint that would allow the Court to conclude otherwise.

---

[2] The Western District of Missouri maintains courthouse locations in Kansas City, Jefferson City, and Springfield. Fort Leonard Wood and Waynesville are substantially closer to Jefferson City and Springfield than they are to St. Louis. *See* Google Maps, http://maps.google.com (last visited Sept. 15, 2023).

Plaintiff argues that venue in the Eastern District is proper because the Equal Employment Opportunity Commission "in St. Louis, Missouri is where the administrative summary judgment decision was handed down denying Plaintiff's claims[.]" (ECF No. 45 at ¶ 13). Plaintiff cites no authority to show that the location of an EEOC office has any bearing on venue.

Plaintiff offers no sound basis for his choice of forum. After carefully weighing the case-specific factors relating to convenience and fairness, the Court finds that Defendant Wormuth has demonstrated that the balance of these factors favors transfer. *See In re Apple, Inc.*, 602 F.3d at 912; *see also Penrose v. Buffalo Trace Distillery, Inc.*, 2017 WL 2334983, at *1.

## Conclusion

For the reasons above, the Court will grant Defendant Wormuth's motion in part.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Christine Wormuth's Motion to Dismiss or, in the Alternative, Motion to Transfer is **DENIED** in part and **GRANTED** in part. (ECF No. 44). The motion is denied as to dismissal and granted as to transfer.

An appropriate order of transfer will accompany this Memorandum and Order.

                                                                       *Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 18th day of September, 2023.